# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LTAP US, LLLP,[1] | Case No. 10-14125 (KG) |
| Debtor. | Ref. Nos. 5, 36 |

## AGREED ORDER CONTINUING DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND MOTION OF WELLS FARGO SECURITIES, LLC AND WELLS FARGO BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Certification of Counsel filed in connection with the Debtor's Motion for an Order Authorizing the Use of Cash Collateral (the "Cash Collateral Motion") and the Motion of Wells Fargo Securities, LLC and Wells Fargo Bank, N.A. for Relief from the Automatic Stay (the "Stay Relief Motion," together with the Cash Collateral Motion, the "Motions");[2] and it appearing to the Court that granting the relief sought herein is necessary and essential to preserve the value of the Debtor's estate and that such relief is fair and reasonable and in the best interest of the Debtor and its estate and creditors; and upon due deliberation and good cause appearing therefore; it is hereby:

ORDERED that the hearing on the Motions shall be held on January 31, 2011 at 10:00 a.m., and the response deadline shall be January 26, 2011 at 4:00 p.m.; and it is further

ORDERED that, in the event the Relief Stay Motion is granted and prior to the effectiveness of any order granting Wells Fargo relief from the automatic stay, Wells Fargo shall have the right, but not the obligation, in its sole and absolute discretion to advance funds to satisfy any outstanding Premiums (the "Protective Advance"); and it is further

---

[1] The Debtor's Tax I.D. No. is xx-xxx4021. The address for LTAP US, LLLP is Five Concourse Parkway, Suite 3100, Atlanta, Georgia 30328.
[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motions.

{860.002-W0012204.}

ORDERED that any Protective Advance shall be treated as an administrative expense pursuant to Bankruptcy Code section 503(b)(1) but nothing herein shall prevent Wells Fargo from arguing that any Protective Advance also should be deemed a secured claim and/or entitled to a greater priority or the Debtor's right to contest any such argument, and it is further

ORDERED that Wells Fargo's right to make Protective Advances pursuant to this Order and whether or not Wells Fargo elects to make any such Protective Advance shall not be used against Wells Fargo in connection with the Relief Stay Motion; and it is further

ORDERED that the Debtor's shall reasonably cooperate with Wells Fargo and the back-up servicer and take reasonable steps necessary to allow the back-up servicer to monitor the status of the Policies, including the payment of Premiums; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Jan. 6, 2011
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge